J-S67041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VICTOR ZANDERS | : | |
| | : | |
| Appellant | : | No. 2890 EDA 2016 |

Appeal from the PCRA Order August 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0409031-1995

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED OCTOBER 19, 2017**

Appellant, Victor Zanders, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On March 15, 1996, a jury convicted Appellant of second-degree murder, robbery, conspiracy, aggravated assault, and possessing instruments of crime.  The court sentenced Appellant on July 15, 1996, to life imprisonment for the murder conviction and imposed concurrent sentences for some of the other offenses.  This Court affirmed the judgment of sentence on June 11, 1998, and our Supreme Court denied allowance of appeal on March 9, 2000.  **See Commonwealth v. Zanders**, 723 A.2d 239 (Pa.Super. 1998), *appeal denied*, 562 Pa. 670, 753 A.2d 818 (2000).

_____

* Former Justice specially assigned to the Superior Court.

On May 7, 2001, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel on February 22, 2002, who subsequently filed a motion to withdraw and "no-merit" letter per **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The court issued appropriate notice per Pa.R.Crim.P. 907 on March 21, 2003, and denied PCRA relief on April 16, 2003. Appellant did not appeal that decision.

Appellant filed the current *pro se* PCRA petition on July 23, 2012, claiming relief under **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding sentence of mandatory life imprisonment without possibility of parole, for those under age of 18 at time of their crimes, violates Eighth Amendment's prohibition on cruel and unusual punishments). On October 12, 2012, Appellant filed a motion to stay the proceedings pending a decision on whether **Miller** applies retroactively to cases on collateral review.[1] Appellant amended his petition on May 19, 2016, relying on **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding **Miller** applies retroactively to cases on state collateral review). The court issued Rule 907 notice on June 7, 2016, and dismissed the petition as untimely on August 9, 2016. Appellant timely filed a *pro se* notice of appeal on August 31, 2016. No Pa.R.A.P. 1925(b)

---

[1] The record shows the court held the petition in abeyance.

statement was ordered or filed.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on June 7, 2000, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on July 23, 2012, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). On appeal, Appellant attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), claiming he is entitled to relief under **Miller** and **Montgomery**. Nevertheless, Appellant admits he was 20 years old at the time of the offenses at issue. Thus, **Miller** and **Montgomery** do not apply.

This Court has previously rejected the argument that relief under **Miller** and **Montgomery** should be extended to individuals under 25 years old because the brain is not developed fully until that age. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa.Super. 2016) (holding appellant who was 19 years old at time of offenses was not entitled to relief under **Miller** and **Montgomery** on collateral review; rejecting "technical juvenile" argument). Therefore, the court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017